```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
HILDA L. SOLIS, Secretary of
Labor, United States Department
of Labor,

                Petitioner,                    ORDER
                                               12 MC 192 (DRH)
        -against-

ACC CONCRETE CORP.; APJ
CONTRACTING INC.; and ANTHONY
ISOLA, individually and as
President of those entities,

                Respondents.
-------------------------------X
```

A P P E A R A N C E S:

For Petitioner:
    Sarah Kay Marcus, Esq.
    U.S. Department of Labor
    Office of the Solicitor, Region II
    201 Varick Street, Room 983
    New York, New York 10014

Respondents - No Appearance

HURLEY, Senior Judge

The captioned action was brought as a miscellaneous case seeking an Order to compel respondents to comply with an administrative subpoena duces tecum and ad testificandum related to a pre-litigation enforcement action initiated by the United States Department of Labor.

By Order dated March 21, 2012, the Court granted petitioner's Motion to compel by directing "the respondents [to] appear at the Wage and Hour Division Long Island District Office, United States Department of Labor, 1400 Old Country Road, Suite

410, Westbury, New York 11590, within ten days of this Order to produce the testimony and documents as requested in the [annexed] Subpoena."[1]  Mar. 21, 2012 Order at 2.  Respondents replied to the March 21st Order by submitting an incomplete set of documents.  As a result, another Court Order was issued, this time on April 24, 2012.  That Order directed that

> [r]espondents . . . show good cause on May 4, 2012 at 3:30 p.m. why they should not be found in civil contempt for failing to comply with an Order of this Court [dated March 21, 2012].  Individual Respondent Anthony Isola must appear in person, and with counsel [vis-a-vis the corporate respondents], at that time.  In the alternative, if Respondents choose to comply fully with the Court's Order and the underlying subpoena before the May 4 hearing, counsel for Petitioner shall inform the Court of their compliance and the hearing shall be cancelled along with Respondents' obligation to show cause.
>
> Petitioner shall serve Respondents with a copy of this Order, including personal service on Mr. Isola, and file proof of same.

Apr. 24, 2012 Order.

Petitioner filed a "Return of Service" indicating that Anthony Isola was personally served with the April 24, 2012 Order by Department of Labor Investigator William J. Dempsey on April 25, 2012.  Nonetheless respondent Isola failed to appear before the undersigned on May 4, 2012 or to otherwise communicate with the Court explaining his, as well as the corporate respondents',

---

[1] Another copy of that subpoena is attached as Ex. A.

-2-

nonappearance.

Under Rule 45(e), Fed. R. Civ. P., "the issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena."  A Court may execute its authority in this regard where three elements have been established, viz. (1) a "clear and unambiguous" order, (2) "clear and convincing" proof of noncompliance with the order, and (3) a showing that the contemnor has "not been reasonably diligent and energetic in attempting to accomplish what was ordered." Hunter TBA, Inc. v. Triple V Sales, 250 F.R.D. 116, 119 (E.D.N.Y. 2008)(internal quotes and citations omitted).  "The underlying concern is 'disobedience to the orders of the judiciary,' not 'merely the disruption of court proceedings.'" Id. at 118(quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)).  The April 24th Order, as well as the earlier Order seemingly satisfy each of those three standards.

Given respondents' failure to comply with the subpoena duces tecum and ad testificandum," as well as the March 21, 2012 and April 24, 2012 Orders of this Court:

**IT IS ORDERED** that the warrant of arrest shall issue for the respondent Isola, the execution of which is stayed until June 8, 2012, and

**IT IS FURTHER ORDERED** that should the respondent Isola appear at the Wage and Hour Division, Long Island Office, United

States Department of Labor, 1400 Old Country Road, Suite 410, Westbury, NY 11590 and produce the documents and testimony called for in the subject subpoena at 10:30 a.m. on June 1, 2012, petitioner shall so notify the Court and the above arrest warrant will be vacated, and

**IT IS FURTHER ORDERED** that should the respondent Isola again elect not to appear as directed by the Court, petitioner shall notify the Court of same forthwith by affirmation or affidavit, in which case the stay of the warrant will be lifted and the warrant activated so that respondent may be arrested and brought before the Court for purposes of, inter alia, setting a hearing date to determine whether he should be held in civil contempt of Court, and

**IT IS FURTHER ORDERED** that petitioner shall personally serve a copy of this Order and the attached subpoena upon respondent Isola on or before May 18, 2012, and file the appropriate affidavit of service promptly thereafter.

SO ORDERED.[2]

Dated: May 11, 2012
     Central Islip, New York

                                                /s
                                      DENIS R. HURLEY, U.S.D.J.

---

[2] This Order replaces the Order erroneously issued on May 8, 2012, which is hereby vacated.